IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| VALENT WOOD, § | | |
| Petitioner, § | | |
| § | | |
| v. § | | Civil Action No. 4:20-CV-1365-P |
| § | | |
| MICHAEL CARR, Warden, § | | |
| FMC-Carswell, § | | |
| Respondent. § | | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Valent Wood, a federal prisoner confined in FMC-Carswell, against Michael Carr, warden of FMC-Carswell, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed in part for lack of jurisdiction, denied in part, and dismissed in part without prejudice for failure to exhaust administrative remedies.

**I. BACKGROUND**

Petitioner is serving a 120-month term of imprisonment for her criminal conviction in the United States District Court for the Eastern District of Arkansas for possession with intent to distribute methamphetamine. Resp't's App. 66–67, ECF No. 9. To establish the background of the case, the government presented the declaration of Kneyse Martin, a Correctional Programs Specialist for the Federal Bureau of Prisons (BOP) at the Designation and Sentence Computation Center, providing (any spelling, grammatical, and/or punctuation errors are in the original):

. . .

5.  On February 24, 2017, a review of records indicates Petitioner was arrested by Arkansas state authorities in White County, for Trafficking in Ecstasy/Endangering the Welfare of a Minor, case number CR17-231. [On November 7, 2017, case number CR17-231 was nolle prossed.] Petitioner also had warrants from Harris County, Texas, for Possession of a Controlled Substance in case number 150972601010 and Theft of Property in case number 204277301010.

6.  On April 28, 2017, Petitioner was transferred to Harris County, Texas for warrants on Possession of a Controlled Substance in case number 150972601010 and Theft of Property in case number 204277301010. On April 30, 2017, Harris County arrested Petitioner for the above mentioned charges.

7.  On May 1, 2017, Petitioner [was] sentenced to 10 days incarceration with 5 days credit by the Harris County District Court, Houston, Texas, for Theft of Property in case number 2042773, and released on bond the same day. State jail credit was given for the following dates: 08-16-2015 to 08-18-2015.

8.  Petitioner remained in Harris County custody for case number 150972601010, and released from custody via bond on May 5, 2017. State credit was given for the following dates: 05-11-2016 to 05-14-2016 and 04-28-2017 to 05-03-2017.

9.  On September 12, 2017, Petitioner was sentenced to 30 days incarceration with 10 days jail credit by the Harris County District Court, Houston, Texas, for Possession of a Controlled Substance in case number 150972601010.

10. On October 25, 2017, Petitioner was arrested by authorities in Harris County, Texas, for Theft in case number 217509501010, and Failure to Identify Oneself to a Peace Officer in case number 217537601010. Petitioner remained in custody until released via bond on October 29, 2017.

11. On November 7, 2017, Petitioner was arrested by federal authorities with the United States Marshal Service (USMS) for charges in federal

case number 4:17-CR-00296-JLH. Petitioner was released from custody the same day via bond to conditions set forth under conditions of release.

12. On June 18, 2018, Petitioner was re-arrested by Harris County, Texas for Theft, case number 221101901010 (pending). On June 22, 2018, Petitioner released via bond.

13. On July 8, 2019, Petitioner was sentenced to 18 days incarceration with 6 days jail credit by Harris County Criminal Court of Law for Theft in case number 217509501010. State credit was awarded for the following dates: 10-28-2017 to 10-29-2017, and 06-18-2018 to 06-21-2018.

14. On July 8, 2019, Harris County Criminal Court dismissed charges for Failure to Identify Oneself to a Peace Officer and Theft, case numbers, 217537601010 & 221101901010.

15. On January 30, 2019, Petitioner was arrested by authorities in Montgomery County, Texas, in relation to her case for Fraudulent Possession of Items of Identifying Information, case number 19-02-01912. On January 31, 2019, Petitioner was released via bond.

16. On February 24, 2019, Petitioner was re-arrested in Harris County for Gambling (no charges filed). Petitioner was held in custody on a warrant in her Montgomery County case for Fraudulent Possession of Items of Identifying Information, case number 19-0201912. On March 1, 2019, Petitioner was released on bond. [On October 24, 2019, Petitioner's charges were dismissed, in case number 19-02-01912.]

17. On March 1, 2019, the United States District Court for the Eastern District of Arkansas issued an order for Petitioner's arrest and noting a hearing would be held on Petitioner's pre-trial release in case number 4:17-CR-296-JLH.

18. On March 11, 2019, Petitioner voluntarily appeared before the United States District Court for the Eastern District of Arkansas, for a revocation hearing on her pre-trial release. The court modified Petitioner's conditions of release to include electronic monitoring and home incarceration.

19. On September 4, 2019, the United States District Court for the Eastern District of Arkansas, sentenced Petitioner to a 120-month term of imprisonment for Possession With Intent to Distribute Methamphetamine, case number 4:17-CR-00296-JLH. The Court ordered the Petitioner to voluntarily surrender to the USM on September 30, 2019.

20. On September 30, 2019, Petitioner voluntarily surrendered to Carswell Federal Medical Center (FMC).

21. I reviewed Petitioner's sentence computation. Petitioner is not entitled to prior custody credit for the time period spent under pretrial supervision from March 8, 2019 to September 30, 2019, because it is precluded by BOP Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), and Title 18, United States Code § 3585(b), precludes the application of prior custody credit for time spent under pretrial supervision.

22. Additionally, during the time period before Petitioner began serving her current federal sentence, she was serving 3 different state sentences and the following dates were applied towards those sentences: 05-11-2016 to 05-14-2016, and 04-28-2017 to 05-032017, for case number 1509726; 08-16-2015 to 08-18-2015, for case number 2042773; and 10-28-2017 to 10-29-2017, and 06-18-2018 to 06-21-2018, for case number 2175095. <u>On February 25, 2021, the Bureau updated Petitioner's sentence computation to reflect additional prior custody credit for the following time that had not been applied toward any other sentence: 02-24-2017 to 04-27-2017; 05-04-2017 to 05-05-2017; 10-25-2017 to 10-27-2017; 06-22-2018; and 02-24-2019 to 03-01-2019</u>.

Resp't's App. 2–6, ECF No. 9 (emphasis added) (citations to record omitted).

## II. ISSUES

In this habeas petition, Petitioner raises the following claims for relief:

(1) the prison violated her constitutional rights "regarding the delivery of her unborn child by making her deliver the baby early putting her and the unborn infant in danger";

4

(2) she is entitled to pretrial jail credit from March 8, 2019 until September 30, 2019, while on home confinement;

(3) she should be released to strict home confinement due to extraordinary and compelling reasons; and

(4) she is missing approximately 60 days of jail-time credit from February 24, 2017 to May 4, 2017.

Pet. 1, ECF No. 1.

## III. DISCUSSION

### A. Conditions of Confinement

Under her first ground, Petitioner claims that she was required to give birth to her baby before full term due to Covid-19, which was dangerous to both her and the baby. *Id.* at 2. Habeas-corpus actions are the proper vehicle to challenge the fact or duration of a federal prisoner's confinement. *See, e.g.*, *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973). Conversely, attacks by a federal prisoner regarding conditions or mistreatment during confinement are properly brought in civil-rights actions under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388 (1971); *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994); *Schipke v. Van Buren,* 239 Fed. App'x 85, 85–86, 2007 WL 2491065, at *1 (5th Cir. 2007). Thus, this claim involving the medical treatment Petitioner received at FMC-Carswell is not cognizable on habeas review. 42 U.S.C. § 1983; *Carson v. Johnson,* 112 F.3d 818, 820-21 (5th Cir. 1997). Accordingly, the petition should be dismissed as to this claim.

**B. Release to Home Confinement**

Under her third ground, Petitioner claims that she should be released to home confinement due to extraordinary and compelling circumstances, namely due to COVID-19; her new baby who is under the care of her elderly mother, caregiver to Petitioner's other children; a "miscalculation of drugs" in her case; and case law "breaking mandatory minimums." Pet. 2, ECF No. 1. Although the Fifth Circuit has held a request for release to home confinement in the context of the COVID-19 pandemic is properly brought in a § 2241 petition, no prisoner has a constitutional right to be housed in a particular place or any constitutional right to early release. *See Wottlin v. Fleming,* 136 F.3d 1032, 1037 (5th Cir. 1998); *Rublee v. Fleming,* 160 F.3d 213, 217 (5th Cir. 1998). Nor does this Court have the authority to mandate an inmate's release to home confinement. *See Cheek v. Warden of Fed. Med. Ctr.*, 835 Fed. App'x 737, 2020 WL 6938364, at *2 (5th Cir. Nov. 24, 2020). Therefore, the petition should be denied as to this claim.

**C. Time Credits**

Under grounds two and four, Petitioner claims that she is entitled to pretrial jail credit for the time spent on home confinement from March 8, 2019 until September 30, 3019, and that she is entitled to approximately 60 days' jail-time credit from February 24, 2017 to May 4, 2017. Pet. 1, ECF No. 1. Petitioner is not entitled to credit for the time spent while released on bail or bond in home confinement because she was not in "official detention" within the meaning of 18 U.S.C. § 3585(b). *See Reno v. Koray,* 515 U.S. 50, 62-65 (1995); *United*

*States v. Cleto,* 956 F.2d 83, 84–85 (5th Cir. 1992); *Paul v. Bragg,* 454 F. App'x 380, 2011 WL 6379313, at *1 (5th Cir. Dec. 21, 2011). And, according to the Court's calculation, since initiation of this habeas action, the BOP has allowed her 64 days' additional prior custody credit toward her sentence for the period of time from February 24, 2017 through May 4, 2017. Resp't's App. 6, ECF No. 9. However, to the extent the claim has not been rendered moot, and contrary to Petitioner's assertion, Respondent provides proof that Petitioner failed to exhaust the prison's administrative remedies regarding the claim. Resp't's App. 6, ECF No. 9. Federal prisoners must exhaust administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). The administrative remedy procedure for federal prisoners is provided at 28 C.F.R. §§ 542.10-542.18. Administrative remedies have not been exhausted until the inmate's claim has been filed at all levels and has been denied at all levels. *See id.* § 542.15; *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). Exceptions to the exhaustion requirement apply only in "extraordinary circumstances" when administrative remedies are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller,* 11 F.3d at 62. Petitioner provides no proof that she has exhausted the claim through the proper channels and she fails to allege or demonstrate that any attempt to do so would be futile. Therefore, the petition should be denied as to ground two and dismissed without prejudice as to ground four to allow Petitioner to exhaust her administrative remedies as to the claim.

## IV. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** as to ground one for lack of subject matter jurisdiction, **DENIED** as to grounds two and three, and **DISMISSED** without prejudice as to ground four for failure to exhaust administrative remedies.

**SO ORDERED** on this 1st day of June, 2021.

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE